Florence Aubry and Angela Aubry, Appellees, v. Ralph Desper and John O'Donnell, Defendants. John O'Donnell, Executor of the Last Will and Testament of Frank O'Donnell, Deceased, Appellant.

Gen. No. 9,244.

Opinion filed January 21, 1938.

Robert Carr, Robert C. Carr and Joseph D. Carr, all of Ottawa, for appellant.

John H. Armstrong, of Ottawa, for appellees.

Mr. Justice Wolfe delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of La Salle county, Illinois, for $2,598.80 in favor

of Florence Aubry and Angela Aubry, appellees, v. Ralph Desper, sheriff of La Salle county. The money involved in this suit is the surplus arising from a sheriff's sale of land in La Salle county on redemption of said lands from a sale had in a mortgage foreclosure proceeding. There is no dispute as to the facts.

On and prior to January 8, 1924, Jeremiah O'Connor, who is the father of the appellees, was the owner of 160-acres of land in Waltham township, in La Salle county, Illinois. On January 8, 1924, he executed a deed of trust on said land to T. B. Kendrick, trustee, to secure 10 notes of $1,000 each, with interest at six per cent per annum. On February 24, 1925, Jeremiah O'Connor executed a second deed of trust on said lands to the said T. B. Kendrick, as trustee, to secure three notes for a total of $5,000, due five years after date with interest at the rate of six per cent per annum. Of the whole $5,000, Nellie, Nora, and Kate O'Donnell owned $2,000 of these notes and Margaret Slattery owned $3,000. On December 4, 1930, L. M. Lucey & Company procured a judgment in the circuit court of La Salle county against Jeremiah O'Connor for $602.45, and on March 3, 1932, Robert L. Smith, receiver of the People's Trust & Savings Bank, procured a judgment in the circuit court of La Salle county against Jeremiah O'Connor for $1,179.19. Executions on each of the above judgments were issued and placed in the hands of the sheriff, who returned them "no property found; no money made."

On March 3, 1932, Jeremiah O'Connor executed a quitclaim deed which conveyed to his daughters, the appellees, all of the real estate in Waltham township, subject to incumbrances of record. The consideration for this deed was the past and future care and support and maintenance of the grantor. On March 3, 1935, Helen Colwell, et al., the owners of the notes secured by the first trust deed filed their complaint in equity

to foreclose the trust deed on the said real estate. They made Jeremiah O'Connor, Florence Aubry, Angela Aubry, Nora and Kate O'Donnell, Margaret Slattery, L. M. Lucey & Company, and Frank O'Donnell, administrator of the estate of Nellie O'Donnell, deceased, defendants. All of the defendants were served with process. On March 23, 1934, a decree of default was entered against all defendants, except Frank O'Donnell, executor of the will of Nellie O'Donnell, deceased. On May 14, 1935, a decree of sale was entered and on June 19, 1935, the master in chancery of the circuit court of La Salle county sold said real estate at public sale to Arthur H. Colwell, as trustee, for the sum of $12,759.54. The master issued a certificate of sale therefor. The amount bid was the full amount of the indebtedness, with interest and costs of suit, so there was no deficiency from the sale of the lands. No redemption was made by the appellees.

The L. M. Lucey & Company assigned their judgment to John O'Donnell, and O'Donnell on September 18, 1935, made a redemption from the foreclosure sale and paid the master in chancery $14,070.32 to make the redemption. On the same day execution was issued and levy was made on said real estate. On October 25, 1935, the sheriff sold said land for $17,600, thus leaving a surplus of $2,598.80 in the hands of the sheriff over and above the redemption money, interest and costs, and the L. M. Lucey & Company judgment. This is the money involved in this suit. The appellees made demand upon the sheriff for this money, but the sheriff refused to turn it over to them because John O'Donnell, either individually or as executor of the last will and testament of Frank O'Donnell, deceased, was also making claim to the money.

On January 9, 1936, John O'Donnell, as executor of the last will and testament of Frank O'Donnell, deceased, recovered a judgment in the circuit court of La Salle county against Jeremiah O'Connor for $2,610.71. This judgment was based on one of the notes secured by the second trust deed to Kendrick, and was owned by Nellie, Kate, and Nora O'Donnell, but transferred to Frank O'Donnell, deceased, before judgment was taken on the note. On April 3, 1936, Florence Aubry, and Angela Aubry, appellees, commenced an action at law in the circuit court of La Salle county against Ralph Desper, sheriff of La Salle county, to recover this $2,598.80, and made John O'Donnell, as executor of the last will and testament of Frank O'Donnell, deceased, a defendant because of his having made claims to the money. The case was tried before the court without a jury, which found in favor of the appellees.

On March 2, 1937, the court rendered judgment in favor of the appellees against Ralph Desper, sheriff of La Salle county, for $2,598.80, and rendered a judgment finding that John O'Donnell, individually and as executor of the last will and testament of Frank O'Donnell, deceased, had no interest in the funds in the hands of the sheriff and was not entitled to recover in this suit. It is from this judgment that this appeal is prosecuted.

The appellees have made a motion to dismiss the appeal because the judgment is against Ralph Desper as sheriff, and no notice of appeal was served upon him for more than 90 days after the judgment in question was rendered. This motion was taken with the case. The motion to dismiss is hereby overruled. We do not pass upon the merits of the motion, but have decided to take the case upon its merits.

From the statement of the facts in the case it is readily to be seen that the dispute arose between the grantees under a quitclaim deed executed by Jeremiah O'Connor on March 3, 1932, and a judgment creditor of O'Connor's, which judgment was entered January 9, 1936, almost three years after the deed in question had been executed. The appellants were made parties to the original foreclosure proceeding, but were defaulted. They made no effort to protect their lien against the property at that time. The foreclosure under the first trust deed, to which proceedings the holders of the notes secured by the second trust deed were made parties, extinguished any lien created by that trust deed, and left the holders of the notes secured by it in the situation of simple contract creditors. They did not procure a judgment until long after the maker of the notes had transferred all of his interest in the property to the appellees. The entire equities that the grantors had in the property became invested in the appellees by reason of the quitclaim deed. The judgment creditors of Jeremiah O'Connor, who became such creditors after O'Connor executed the quitclaim deed to the appellees, have no claim on the money in the hands of the sheriff arising from the sale of the land at the sheriff's sale under the Lucey judgment. The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*